### Helen Sammis, Adm'x, etc., v. Chicago, B. & Q. R. R. Co.

1. RAILROADS—*When Not Responsible for the Wrongful Acts of Employes.*—Where a section hand in the employ of a railroad company who had in his possession a key to a handcar house and of the switch to its track, on a Sunday, while not engaged in the line of his duty, and for his own personal amusement or pleasure, opened the car house and took a handcar upon the track and went to "the Meyer switch" to fish,

opened the switch there for the handcar but neglected to close it, and an engine of the company came along, ran into the open switch and the engineer was killed, *it was held*, that if the company had no notice of such use by the brakeman of its handcar and track it was not responsible.

2. EVIDENCE—*Of Knowledge by Railroad Companies of Wrongful Acts of Employes.*—In an action against a railroad company for causing the death of an engineer by the wrongful act of a section hand in its employ, in using its handcar and switches to go fishing upon a Sunday, and leaving a switch open, by reason of which the engineer on a passing engine was killed, evidence tending to show that the brakeman took the handcar to go fishing on Sundays so frequently and for such a length of time that the company in the use of ordinary care should have known of such practice and prevented it, is admissible in evidence, and its rejection, when offered, is reversible error.

**Trespass on the Case.**—Death from wrongful act. Appeal from the Circuit Court of Adams County; the Hon. JOHN A. BROADY, Judge, presiding. Heard in this court at the May term, 1901. Reversed and remanded. Opinion filed September 11, 1901.

BALL & SPARROW and INGRAHAM & CREWDSON, attorneys for appellant.

J. F. CARROTT, attorney for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This was a suit by appellant against appellee for causing the death of her husband, Ebenezer Sammis, by wrongful act, neglect or default. The declaration charges that the deceased was in the employment of the appellee as a locomotive engineer, and that as such, upon the occasion of the injury, it was his duty, and he was, with due care for his own safety, operating a locomotive engine with train of cars attached, over the railroad of appellee between the stations of Quincy and East Hannibal; that it was the duty of appellee to use proper care and caution to keep the railroad in proper condition and to keep the switches closed while the engine and train were passing the same, but appellee, not regarding this duty, carelessly and negligently failed to keep closed its switch, called Meyer's switch, on its railroad, while the locomotive and train so operated by said engineer was approaching, and about to pass the said

switch, and by and through the negligence, carelessness and fault of the defendant the locomotive engine and train, without fault or negligence of deceased or his fellow-servant, and while deceased was in the discharge of his duty and in the use of due care, was thrown upon a condemned and unsafe spur, in consequence of which he was injured and died. The trial was by jury, and after the close of appellant's evidence, at the instance of appellee the court directed a verdict for the defendant, and after overruling appellant's motion for a new trial, gave judgment in bar of the action, and to reverse the judgment appellant brings the cause here by her appeal. The errors relied upon and argued to effect such reversal are that the court rejected proper evidence offered by the appellant, and in its instructions to the jury directing a verdict for the defendant.

Thomas Tobin was one of the section hands in the employment of appellee. He had in his possession a key to a handcar house and of the switch in question. On a Sunday, the day of the accident, while not being engaged in the line of his duty or employment with appellee, but for his own personal pleasure or amusement, he opened the car house, took the handcar upon the railroad track, and with a companion, Yost, went to the Meyer switch to fish; he opened the switch there for the handcar but neglected to close it, when the engine in control of the deceased ran upon the spur and the engineer was hurt and afterward died. In support of the ruling of the court in directing a verdict it is argued that inasmuch as Tobin was not in the line of his duty to appellee, that the defendant was not responsible for his wrongful act, done while in the pursuit of his own pleasure, any more than it would be liable for the unauthorized act of a stranger. This position, in the abstract, is no doubt tenable. Appellant, however, charges in her declaration that the defendant did not use proper care to keep the switch closed, and offered to prove by Yost that Tobin frequently, on Sundays, took the handcar to this switch—so frequently and for such length of time that appellee in the use of ordinary care should have known of such practice and pre-

vented it.   The court sustained appellee's objection to such evidence and appellant excepted.   While it can not be said that Tobin was in the employ of appellee in such use of its car track and switch, still, if the defendant had actual or constructive notice of such use and then permitted or acquiesced in it, and by such use Tobin negligently left the switch open, in consequence of which the engineer was killed, appellee would be liable for such negligence.   However, we are of the opinion the court erred in refusing appellant the right to introduce evidence upon this point, and for such error the judgment of the Circuit Court is reversed and the cause remanded for a new trial.   Reversed and remanded.